J-S86004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| VINCENT WILLIAM PINKNEY | : | |
| | : | |
| Appellant | : | No. 1091 WDA 2015 |

Appeal from the PCRA Order July 9, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0012620-1996

BEFORE: GANTMAN, P.J., MOULTON, J., STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED JANUARY 19, 2017**

Vincent William Pinkney ("Appellant") appeals from the order entered in the Court of Common Pleas of Allegheny County dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

On November 20, 1996, a jury found Appellant guilty of involuntary manslaughter and robbery[1] in connection with the fatal shooting of his robbery victim. On January 17, 1997, the trial court incorporated a five-year mandatory minimum sentence for the robbery conviction in imposing a six to 20 year sentence on the count, which ran consecutively to the one to five year sentence for involuntary manslaughter to form an aggregate seven to

_____

[1] 18 Pa.C.s.A. §§ 2501 and 3701(a)(1)(i) or (ii), respectively.

*Former Justice specially assigned to the Superior Court.

25 year sentence. This Court affirmed judgment of sentence on February 9, 1999, and the Pennsylvania Supreme Court denied allowance of appeal on August 19, 1999.

Appellant filed a timely first petition on October 18, 1999, deemed meritless by both the PCRA court and this Court on appeal. Appellant's second and third petitions, filed in 2003 and 2005, respectively, were each deemed time-barred by the PCRA court. Appellant took no appeal from either order.

On September 17, 2013, Appellant filed the present PCRA petition, his fourth. On December 23, 2015, the PCRA court, again, declared it time-barred and denied relief. This timely appeal followed.

Appellant presents one question for our review:

DID THE [PCRA] COURT ERR IN DENYING APPELLANT'S PCRA PETITION SINCE APPELLANT'S SIX YEAR MANDATORY MINIMUM SENTENCE FOR ROBBERY WAS UNCONSTITUTIONAL, PURSUANT TO **ALLEYNE V. UNITED STATES**, 133 S.CT. 2151 (2013) AND **COMMONWEALTH V. NEWMAN**, 99 A.3d [86] (Pa.Super. 2014) [(*en banc*)], THE AFOREMENTIONED HOLDINGS SHOULD BE RETROACTIVELY APPLIED, BUT, *ARGUENDO*, EVEN IF THOSE HOLDINGS ARE NOT RETROACTIVE, **NEWMAN** AND OTHER RECENT CASES HAVE HELD THAT 42 PA.C.S. § 9712(A) IS FACIALLY UNCONSTITUTIONAL, FROM THE DATE OF ITS ENACTMENT, AND THEREFORE APPELLANT MUST BE RESENTENCED?

Appellant's brief at 3.

Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error. **Commonwealth v. Wilson**,

824 A.2d 331, 333 (Pa.Super. 2003) (*en banc*). Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA petition. **See Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978, 983 (2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

The most recent amendments to the PCRA, effective January 19, 1996, provide that a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which we may excuse the late filing of a petition. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or the law of this Commonwealth or the Constitution or law of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of Pennsylvania after the time

period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Marshall*, 596 Pa. 587, 596, 947 A.2d 714, 719 (2008) (citations omitted).

Instantly, Appellant's judgment of sentence became final on November 17, 1999, at the expiration of 90 days after the Supreme Court of Pennsylvania denied his petition for allowance of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[ ]"). As such, Appellant had until November 17, 2000, to file a timely petition for post-conviction relief. The filing date of the present PCRA petition, Appellant's fourth, falls nearly 13 years after the one-year deadline, making it patently untimely. Therefore, the PCRA court could not address the merits of Appellant's petition unless a timeliness exception applies.

Appellant argues his petition is not time-barred because the United States Supreme Court in *Alleyne v. United States*, 133 S.Ct. 2151 (2013) created a "new rule" of substantive law "that an aggravating factor must be proven beyond a reasonable doubt, and if not, a defendant is denied due process of law." Appellant's brief at 12. As such, Appellant contends, *Alleyne* must be applied retroactively to cases on collateral review.

Appellant's brief at 11-13. Appellant posits, moreover, that "issues relating to *Alleyne* relate to the legality of a sentence, and therefore cannot be defeated pursuant to the PCRA time-bar." Appellant's brief at 11. We disagree.

Initially, it is well-settled that this Court's jurisdiction over a PCRA claim challenging the legality of sentence is subject to the timeliness provisions of the PCRA:

> As long as this Court has jurisdiction over a matter, a legality of sentencing issue is reviewable and cannot be waived. *Commonwealth v. Jones*, 932 A.2d 179, 182 (Pa.Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(2); *Commonwealth v. Fahy*, 558 Pa. 313, 330, 737 A.2d 214, 223 (1999) (holding that "[a]lthough a legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto"). Thus, an appellant must present an illegal sentencing claim in a timely PCRA petition over which this Court has jurisdiction. *See Fahy supra*, and *Commonwealth v. Miller*, 102 A.3d 988, 994 (Pa.Super. 2014) (observing *Alleyne* does not invalidate a mandatory minimum sentence challenged in an untimely PCRA petition).

*Commonwealth v. Whitehawk*, 146 A.3d 266, 270-71 (Pa.Super. 2016).

Furthermore, in a recent *en banc* decision, this Court addressed the very issues and corresponding authority raised in the present appeal and clarified that *Alleyne* applies only to cases pending on direct appeal as of the date of the decision:

> In *Alleyne*, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne*, 133 S.Ct. at 2155. In applying

- 5 -

that mandate, an *en banc* panel of this Court, in *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), *appeal denied*, ––– Pa. ––––, 121 A.3d 496 (2015), held that *Alleyne* rendered the mandatory minimum sentencing provision at 42 Pa.C.S. § 9712.1—the same provision applied herein—unconstitutional. Section 9712.1, which provides for a five-year mandatory minimum prison term for PWID convictions when a firearm is in close proximity to the illegal drugs, includes a provision that permits the trial court to determine at sentencing whether the elements necessary to increase the mandatory minimum sentence were proven by a preponderance of the evidence. *See* 42 Pa.C.S. § 9712.1(c). The *Newman* Court held that, under *Alleyne,* Section 9712.1 "can no longer pass constitutional muster [because] [i]t permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. *Newman, supra,* 99 A.3d at 98.

Further, the *Newman* Court found the unconstitutional provisions in Section 9712.1 were not severable from the statute as a whole. *See id.* at 101 ("We find Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected."). Recently, the Pennsylvania Supreme Court in *Commonwealth v. Hopkins,* ––– Pa. ––––, 117 A.3d 247 (2015), applied the same reasoning when it determined that another mandatory minimum sentencing statute, 18 Pa.C.S. § 6317, was unconstitutional under *Alleyne.* The Supreme Court opined:

> In conclusion, we hold ... that numerous provisions of Section 6317 are constitutionally infirm under *Alleyne.* Moreover, the remaining provisions of Section 6317, standing alone, are incomplete and are incapable of being vindicated in accord with the intent of the General Assembly. 1 Pa.C.S. § 1925. Because of the significant provisions found to violate the Constitution, which clearly express the intent of the legislature that Section 6317 is a mandatory minimum sentencing statute, and not a substantive offense, we find the remaining unoffending provisions of Section 6317 are incapable of being severed, and we will not judicially usurp the legislative function and rewrite Section 6317 or create a substantive offense which the General Assembly clearly did not desire. Rather, we leave it

to our sister branch for an appropriate statutory response to the United States Supreme Court's decision in *Alleyne.*

*Id.* at 262 (footnote omitted).

We note the *Newman* Court instructed that *Alleyne* applies only to cases pending on **direct appeal** as of June 27, 2013, the date of the *Alleyne* decision. *See Newman,* 99 A.3d at 90.

It is also settled that *Alleyne* does **not** invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014). In concluding *Alleyne* does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the *Miller* Court explained:

> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases **in which the judgment of sentence had become final.** This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

*Id.* at 995 (citations omitted) (emphasis supplied). Furthermore, this Court also recently declined to give *Alleyne* retroactive effect to cases on **timely** collateral review when the defendant's judgment of sentence was finalized before *Alleyne* was decided. *See Commonwealth v. Riggle*, 119 A.3d 1058 (Pa.Super. 2015).

*Commonwealth v. Ruiz*, 131 A.3d 54, 57–58 (Pa.Super. 2015) (*en banc*)

(emphasis in original).

Contrary to Appellant's assertions, therefore, it is clear he gains no

relief from *Alleyne* and *Newman* because his judgment of sentence

became final prior to the date of the **Alleyne** decision. Moreover, this Court's holding in **Miller** clarified that a petitioner may not vindicate **Alleyne** rights through an untimely PCRA petition. For these reasons, Appellant's argument fails.

Therefore, the PCRA court lacked jurisdiction to consider the merits of Appellant's illegality of sentence claim couched, as it was, within an untimely serial PCRA petition. Accordingly, we affirm the PCRA court's order invoking the statutory time-bar and denying collateral relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2017

- 8 -